MOBILE & OHIO RAILROAD CO. v. JACK WATLY.

| 69 | 145 |
| 71 | 240 |
| 69 | 145 |
| e89 | 744 |

1. RAILROADS. *Killing of child. Contributory negligence of parent.*

If a father directs or permits his children, aged eight and four, to walk down a railroad-track, and to cross a long trestle, knowing that a train is due about that time, and the younger child is run over by the train and killed while on the trestle, the contributory negligence of the parent will bar a recovery by him for any mere negligence of defendant's servants in charge of the train.

2. SAME. *Duty to those in peril. Contributory negligence. Instruction.*

And if under such circumstances recovery is sought, notwithstanding the contributory negligence, on the ground that the engineer failed, after seeing the children in peril, to make reasonable efforts to avert injury, it is error to submit in the instructions the question of defendant's negligence in not being on the look-out and sooner discovering the children.

3. SAME. *Duty to those in peril. Degree of diligence.*

It is error to instruct that those in charge of a running train are bound, after discovering one in peril on the track, "to do every thing in their power to prevent injury." They must make such efforts to prevent injury as are reasonable in the light of the circumstances as they appear to them.

4. SAME. *Death of child. Measure of damages.*

In an action by a parent for the negligent killing of his child by the defendant, loss of the child's society, and the comfort the father would have had in rearing him, are not elements of damage. Compensation is limited to the actual pecuniary loss sustained, on the theory of the parent's right to the services of the child during minority.

69 MISS.—10

FROM the circuit court of Noxubee county.
HON. S. H. TERRAL, Judge.

Action by Jack Watly against the Mobile & Ohio Railroad Company for the death of his infant son, run over by defendant's train.

The boy, aged four, and his sister, aged eight, lived upon a farm with their father, and were in the habit of carrying dinner to the hands at work in the field, and, in doing so, they had to walk for a considerable distance along the track of the defendant's railroad and across a trestle. Plaintiff knew that in going they would make use of the railroad-track and cross the trestle. He also knew that the local freight-train was due about the hour the children usually went upon this errand. The trestle was in a curve of the track, about three hundred yards from the mouth of a cut, and from the cut, in the direction of the trestle, there was a considerable down-grade.

While the children were crossing this trestle, the local freight-train of the defendant, running twenty-five or thirty miles an hour, emerged from the cut, and the children were discovered in their perilous position by the engineer and fireman. There is some controversy and uncertainty as to whether they saw the children at the first possible moment, and as to the distance the engine was from the children when they were first seen. The engineer and fireman testified that the whistle was promptly sounded, but no effort was made to stop the train, as there was not sufficient time to do so in view of the speed of the train and the proximity of the children.

For the plaintiff there was evidence to show that the children had nearly succeeded in crossing the trestle before being overtaken, being only a few steps from its end; and it was contended that a reasonable effort to stop or slacken the speed of the train would have given opportunity for both children to escape. As it happened, the older child leaped

from the trestle and was not hurt. The younger child was struck and killed.

Plaintiff brought this action to recover for the death of his child, claiming as damages loss of services, burial expenses, mental suffering, etc. The trial of the case resulted in a peremptory instruction for the defendant; but the judgment rendered in accordance with this instruction was reversed on appeal to this court at the April term, 1891. (MS. Op)

The case, having been remanded, was again tried, and, among other instructions given for the plaintiff, were the following : "When it is said that a railroad company is entitled to a clear track, it is not meant that they may run their trains recklessly and blindly, regardless of any and all consequences to others. The law requires that they should keep a reasonable and prudent lookout to see that no one is unnecessarily injured thereby; and should they see any one upon their tracks, then they must use every effort in their power to prevent harm to such persons, and this duty is most imperative in the case of children of tender age and in places of danger; and if the jury believe from the evidence in this case that the engineer or any of the employes of defendant in charge of the train that ran against plaintiff's son saw the child upon the trestle, or might have seen him there by the exercise of a reasonable watch, and failed to do every thing in their power to prevent injury to him, the jury should find for plaintiff.

"3. The court instructs the jury that if they should find for the plaintiff, they should state in their verdict what amount of damage the plaintiff has sustained; and in determining that question, they will take into consideration all of the circumstances of the case—the age of the child, the kind of child that it was, the assistance that it might be to its father in future years; also the loss of its society, and the comfort the father might take in rearing him, and bringing him up to manhood, and the reliance he might place upon him in future years for his support and maintenance, having

in view compensation to the parent for the loss he has sustained."

These instructions present the only questions passed upon on this appeal. There was a verdict and judgment in favor of plaintiff for $2,000. Motion for new trial was overruled, and defendant appeals.

Section 1510, code 1880, which confers upon a parent a right of action for the death of a child caused through negligence of another, provides that "the jury may give such damages as shall be fair and just with reference to the injury resulting from such death to the person suing."

*A. J. Russell*, for appellant.

1. The evidence conclusively shows that plaintiff was guilty of gross contributory negligence. It was the duty of the parent to guard and protect his child from danger. This duty is more imperative in proportion to the weakness and incapacity of the child. *Westbrook* v. *R. R. Co.*, 66 Miss., 560; *Pratt Coal Co.* v. *Brawley*, 83 Ala., 371.

Since plaintiff was guilty of contributory negligence, he cannot recover, unless the injury was wantonly and wilfully inflicted. *M. & O. R. R. Co.* v. *Stroud*, 64 Miss., 784; *V. & M. R. R. Co.* v. *McGowan*, 62 *Ib.*, 682.

2. It was error to instruct that the plaintiff could recover for the loss of the society of his child. The measure of damages is the value of the child's services during minority, together with necessary funeral expenses, less the expense of his support; in other words, the right of recovery is limited to the pecuniary loss of the parent. The judgment must bear a reasonable proportion to the pecuniary injury shown by the evidence, and the best proof of which the case is susceptible must be given to the jury to enable it to determine the amount of pecuniary damages to be awarded. Sedgwick, Measure of Dam., 204; 2 Rorer on Railroads, 863; Pierce on Railroads, 304, 396; 2 Thompson on Neg., 1292, 1298; Patterson Ry. Ac. Law, 481; Whittaker's Smith on Neg., 441; 2

Woods' Ry. L., 1245; 5 Am. & Eng. Ency. L., 45; 30 N. J. L., 188; 48 Tex., 373; 21 Wis., 372; 24 Md., 84; 71 *Ib.*, 86.

The English act (Lord Campbell's act), the Maryland statute and our own are very similar. The language of the statute has been construed and limited to damages of a pecuniary nature. *Blake* v. *Ry. Co.*, 18 Q. B., 93; *Pym* v. *Ry. Co.*, 4 B. & S., 396. See also 66 Mich., 261; 59 *Ib.*, 257; 18 Ill., 360; 26 *Ib.*, 400; 43 *Ib.*, 338; 82 *Ib.*, 198; 33 Ark., 350.

In fact, we find no state which holds to a contrary view except Virginia. The Virginia statute, however, is very different from our own.

*A. C. Bogle*, for appellee.

1. The third instruction is correct. It is true many courts and some eminent text-writers lay down a different rule, but in all cases it will be found that there is something either in the statute of the state or the nature of the case or the parties to it upon which the decision is based. I find no case where a statute similar to ours, and where the party plaintiff is a father, that such damages have not been allowed. Code 1880, § 1510, provides for such damages as shall be "fair and just with reference to the injury resulting from such death to the party suing." The statute takes into consideration the relations existing between the party suing and the deceased, and contemplates compensation for all loss or damage sustained by the person suing, by reason of the wrongful act of the defendant. Under a similar statute, it has been held that punitive damages may be recovered. *Matthews* v. *Warner*, 29 Gratt., 570. Also that loss of the child's society is an element of damage in a suit by the parent. *Beeson* v. *R. R. Co.*, 57 Cal., 20; *Munroe* v. *Dredging Co.*, 84 *Ib.*, 515; *Hyde* v. *Ry. Co.*, 26 Pac. Rep., 979.

In New York, under a statute limiting recovery to pecuniary injuries, resulting from death to the widow or next of kin, it is held that children may recover damages on account of nurture, moral, physical and intellectual training that the

mother could have given.   *Tilley* v. *Ry. Co.*, 29 N. Y., 252.
See also 27 W. Va., 32; 32 *Ib.*, 370.   To narrow the statute
to compensation for mere pecuniary loss, would be to treat
the father merely as a master and the child as a slave.

2. There was no contributory negligence in plaintiff to bar
his right to recovery.   He was not present, and knew noth-
ing about the killing.   He merely knew that the children
were in the habit of taking dinner to the hands, and gener-
ally went down the railroad.   He knew nothing of what
transpired on this particular day.   He did not even know
that the boy would go with his sister.   These facts cannot be
tortured into negligence, such as contributed directly or
essentially to the injury.

The evidence was clear that the injury was wanton and
wilful.   The engineer made no effort either to stop or check
the train.   He admits that he did not do all he could to pre-
vent the injury.   He did nothing but sound the whistle.
Two or three more steps would have enabled the child to
clear the trestle and escape.   The least checking of the train
would have saved his life.   I submit that, under the evidence,
the recovery was proper.

Argued orally by *A. J. Russell*, for appellant, and *A. C.
Bogle*, for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The evidence presents such a clear case of contributory
negligence on the part of the plaintiff as to preclude recov-
ery by him for any mere negligence of the defendant, and
consideration of that should have been entirely excluded by
the court, which should have instructed the jury to find for
the defendant, unless it appeared that its servants in charge
of the train, after seeing the children in a perilous situation,
failed to exert themselves, as they should have done under
the circumstances, to avert injury to them.   That is the only
debatable question in the case, and it was to try that by a

jury that the case was remanded on the former appeal. The first instruction for the plaintiff is erroneous, in embracing the question of negligence by the servants of the defendant, and blending it with the real and only question to be tried, as stated above, and in prescribing too stringent a rule, by saying that failure of the servants of the defendant to "do every thing in their power to prevent injury" to the child, made the defendant liable. Undoubtedly, when the danger to the child was discovered, all reasonable effort should have been made to avert it. It is for the jury to say whether all was done that might and should have been done under the circumstances then existing, as presenting themselves to the men in charge of the train. It is not a question of law, but of fact. The law has no rule on the subject, except that all should be done under such circumstances which the case requires, and it is committed to the jury to determine as to that, from a consideration of all the circumstances in evidence.

The third instruction is wrong, in so far as it authorizes the jury to consider the loss by the father of the "society" of his child, and "the comfort the father might take in rearing him and bringing him up to manhood," as elements of damages he may recover. Compensation for the injury is to be measured by the value of the pecuniary interest of the father in his child. He is to be compensated for the pecuniary loss sustained, and not otherwise. It is a question of dollars enough to pay for the loss the father has sustained by the death of his child, on the theory of his right to his services during his minority.

<em>Reversed and remanded for a new trial.</em>