MOORE *v.* JOHNSON *et al.*\*

(Division B.   Nov. 28, 1927.)

[114 So. 734.   No. 26648.]

1. NEGLIGENCE.   *Driver of automobile in which deceased was passenger at time of collision held not guilty of negligence imputable to deceased.*

   Driver of automobile, in which deceased was riding at time of collision with defendant's automobile, *held* not by reason of operating automobile on highway during drizzling rain guilty of any negligence which could be imputed to deceased, particularly in view of deceased's lack of knowledge about automobiles.

2. DEATH.   *Recovery cannot be had for mental and physical suffering, where person was instantly killed or was unconscious until death.*

   Recovery for mental and physical suffering cannot be had, where there was no such suffering for reason that person was instantly killed or was wholly unconscious from time of injury to death.

3. APPEAL AND ERROR.   *Instruction erroneously authorizing recovery for mental and physical suffering where deceased was wholly unconscious until death held harmless, in view of verdict.*

   In action for damages for death, instruction, though erroneous in that it authorized recovery for mental and physical suffering where there was none because deceased was wholly unconscious until death, *held* not harmful, in view of fact that verdict of five thousand four hundred dollars was not excessive, though damages for mental pain and suffering were excluded therefrom.

4. DEATH. *Five thousand four hundred dollars for husband's death held not excessive.*

   Five thousand four hundred dollars for death of person fifty-eight years old and earning ninety dollars a month, most of which was contributed to support of family, *held* not excessive.

---

\*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 1045, n. 49; Death, 17CJ, p. 1337, n. 18; p. 1350, n. 7; Motor Vehicles, 42CJ, p. 1238, n. 49. On the question as to imputing negligence of driver of vehicle to passenger, see annotation in 8 L. R. A. (N. S.) 597; L. R. A. 1915A, 761, 20 R. C. L. 162; 4, R. C. L. Supp. 1341; 5 R. C. L. Supp. 1084. On excessiveness of damages for personal injuries resulting in death, see annotation in L. R. A. 1916C, 820; R. C. L. 850; 3 R. C. L. Supp. 665; 5 R. C. L. Supp. 487; 6 R. C. L. Supp. 528.

APPEAL from circuit court of Hinds county, First district.

HON. W. H. POTTER, Judge.

Action by Mrs. Anna Johnson and others against S. B. Moore. Judgment for plaintiffs, and defendant appeals. Affirmed.

*Watkins, Watkins & Eager,* for appellant.

I. The learned trial court erred in granting instruction No. 1 for appellees to the effect that the negligence of the driver Bangs was not imputable to the decedent. *Illinois Central Railroad Company* v. *McLeod,* 78 Miss. 340, 29 So. 76, 52 L. R. A. 954; *Y. & M. V. Railroad Co.* v. *Lucken,* 137 Miss. 572, 102 So. 397; *A. & V. Railway Company* v. *Davis,* 69 Miss. 444, 13 So. 693; Berry on Automobiles (2 Ed.), p. 370; *Kilpatrick et al.* v. *Philadelphia Rapid Transit Company* (Pa.), not yet reported; *Lynn* v. *Goodwin,* 148 Pac. 927; 37 A. L. R., p. 594; *Irwin* v. *McDougal* (1925, Mo. App.), 274 S. W. 923; *Naglo* v. *Jones* (1924), 115 Kan. 140, 222 Pac. 116; *Sharp* v. *Sproat* (1922), 111 Kan. 735, 26 A. L. R. 1421, 208 Pac. 613; *Clark* v. *Traver* (1923), 205 App. Div. 206, 200 N. Y. Supp. 52, Aff. without opinion in (1923), 237 N. Y. 544, 143 N. E. 736; *Joyce* v. *Brockett* (1923), 205 App. Div. 770, 200 N. Y. Supp. 394; *Sheehan* v. *Coffey* (1923), 205

App. Div. 388, 200 N. Y. Supp. 55; *Smith* v. *Ozark Water Mills Co.* (1922), 215 Mo. App. 129, 238 S. W. 573; *Worden* v. *Anthony* (1924), 101 Conn. 579, 126 Atl. 919; *Rose* v. *Cartier* (1923), 45 R. I. 150, 120 Atl. 581; *Wappler* v. *Schenck* (1922), 178 Wis. 632, 190 N. W. 555; *Denunzio* v. *Donahue* (1924), 204 Ky. 705, 265 S. W. 299; *Minnich* v. *Easton Transit Company,* 267 Pa. 200, 110 Atl. 273, 18 A. L. R. 296.

II. The learned trial court erred in giving instruction No. 4 on behalf of appellees in respect to the measure of damages. This instruction is so clearly erroneous that we do not deem it necessary to cite or discuss authorities in connection with this phase of the case.

*Mize, Mize & Thompson, S. E. Morse* and *Morse & Bryan,* for appellees.  *Harry M. Bryan,* on the brief.

I. The lower court did not err in giving instruction No. 1 for plaintiffs. Sec. 6682, Hemingway's Code 1927; Sec. 6686, Hemingway's Code 1927. Violations of these general laws applicable to the use of public highways are negligence. *Flynt* v. *Fondren,* 122 Miss. 248, 84 So. 188.

The defense of contributory negligence is an affirmative defense and the burden of proof as to this defense is upon the defendant. *Mobile & Ohio R. Co.* v. *Campbell,* 114 Miss. 803, 75 So. 554. And in *Y. & M. V. R. Co.* v. *Lucken,* 102 So. 393, 137 Miss. 572, cited by appellant in his brief, this court referred to the Campbell case and held that not only did the defendant assume the burden of proof, but that the burden was on him to present his contention by proper instructions as to diminishing the damages. But, to crystalize the matter, not in our language, but by the words of this court, the defendant by his own testimony having absolutely shown negligence in himself, and the jury, by its verdict, having so found, we cite *Gulf & S. I. R. Co.* v. *Saucier,* 139 Miss. 497, 104 So. 180. On the question of imputing the negligence of a driver to a passenger in an automobile, see *Y. & M. V.*

*R. Co.* v. *Lucken, supra;* 2 Blashfield's Cyclopedia of Automobile Law, p. 1137; 29 Cyc., p. 548; 20 R. C. L. 158; Berry on Automobiles (3 Ed.) sec. 500; Babbitt on The Law Applied to Motor Vehicles, sec. 1348. See, also, on the question of imputed negligence *G. & S. I. R. Co.* v. *Carlson,* 137 Miss. p. 613, 102 So. 168; *Alabama & Vicksburg Ry. Co.* v. *Davis,* 69 Miss. 444, 13 So. 693.

II. The court did not err in granting instruction No. 4 on behalf of appellees. Sec. 515, Hemingway's Code 1927; *St. Louis & S. F. R. Co.* v. *Moore,* 101 Miss. 768, 58 So. 471; *Gibson* v. *Wineman & Son,* 106 So. 826.

Argued orally by *Pat Eager,* for appellant, and *Harry M. Bryan,* for appellee.

Holden, P. J., delivered the opinion of the court.

The appellant, S. B. Moore, appeals from a judgment of five thousand four hundred dollars against him, recovered as damages for the death of W. N. Johnson, whose death, it is alleged, was caused by the negligence of the appellant, Moore, in colliding with a Ford car in which Johnson was riding, at a curve, at Lyman, in Harrison county, on the eighteen-foot concrete road running from the Gulf Coast northward. Moore was driving a Chrysler car, and according to his testimony and that of other witnesses, was going at a greater rate of speed than ten miles an hour when the collision occurred, while approaching and entering the curve. There was a conflict in the evidence on the question of negligence, which was submitted to the jury.

The appellant presents only two grounds for reversal of the judgment, and they are with reference to the court's granting a certain instruction for the plaintiff, appellee herein, on the measure of damages in the case, and as to the negligence, if any, of the driver of the Ford car being imputed to the deceased, Johnson, who was a passenger and guest riding therein.

We shall state enough of the facts in order to under-stand the decision.

The testimony for the plaintiff showed that Moore was approaching the curve, where the injury occurred, at a rate of speed exceeding thirty miles an hour. Moore, himself, testified that he approached and entered the curve at an unlawful rate of speed. The testimony tended to show that Moore was out of his proper place in the road, in that he was in the center instead of the right-hand side at the time of the collision.

The Ford car in which Mr. Johnson, the deceased, was riding, was owned and being driven by his son-in-law, W. M. Bangs. Bangs testified that a few days before the collision, his car had been overhauled and repaired thoroughly, and that it was in perfect condition at the time the collision occurred; that he invited Mr. Johnson, his father-in-law, to ride with him in the car on that occasion; and that Mr. Johnson, the deceased, knew nothing about the car, nor how to operate an automobile.

The evidence shows also that the top of the Ford car was down, and that the windshield of the car was somewhat blurred on account of a drizzling rain at the time, making it difficult to look through, but it is shown that the occupants of the Ford car could see over the windshield. There was also evidence that the car had defective brakes, and a piece of plank out of its floor; and it is urged by the appellant that the deceased, for these reasons, was guilty of negligence in riding in the car with his son-in-law, Bangs, because it was negligence to operate a car in that condition, and that Bang's negligence in running the car in that condition was imputable to the deceased, who was a passenger or guest in the car. So it is contended that the lower court erred in charging the jury that the negligence of the driver, Bangs, was not imputable to Johnson, the deceased, because, as the appellant contends, the deceased knew that

it was dangerous to ride in the car under the circumstances and ought to have acted for his safety.

We do not think there is any merit in the contention of the appellant in this regard, because the testimony is insufficient to show that there was negligence on the part of Bangs imputable to Johnson in driving the car in its condition and under the circumstances, as it appears that the deceased knew nothing about automobiles and was not charged with the knowledge of any danger of riding upon the highway in the Ford car under the circumstances.

As we view the record, there was nothing apparently dangerous to Johnson in operating or riding in the Ford car at the time and under the conditions when the collision took place. The drizzling rain did not make it dangerous, because the driver and his guest could see over the windshield and it is undisputed that the driver kept the windshield wiped off so that they could see through it. There was no apparent danger to the careful mind in traveling upon the highway under these circumstances if the car had stayed on the right side of the road where it belonged; and, if the drivers of the two cars in question had driven them on the proper sides and approached the curve as required by law, there would have been no collision. Therefore we hold that there was no negligence in this case which could be imputed to the deceased, Johnson; consequently, the instruction to the jury to that effect was correct.

On the second proposition—that is, the instruction to the jury that if they found for the plaintiff they could assess damages in "an amount for physical and mental suffering, if any, that you may believe from the evidence the deceased under went between the time of his injury and his death"—it is contended that the evil in this instruction is that there is no testimony in the case to support it, and that, on the other hand, the testimony is conclusive that there was no mental or physical suffering

by the deceased, because he was unconscious from the time he was injured until he died, the next day.

We think the instruction was error, because this court has a number of times held that recovery for mental and physical suffering, where there was none for the reason that the party was instantly killed or was wholly unconscious from the time of the injury to his death, could not be had, and that an instruction submitting the question of damages for these elements was wrong and prejudicial to the defendant. The instruction here involved comes clearly within the rule announced, and is generally ground for reversal.

As to whether the instruction in question amounted to harmless error, we shall now discuss. The verdict in the case is for only five thousand four hundred dollars; the deceased was fifty-eight years old, and at the time he was killed had a life expectancy of fifteen years. He was making ninety dollars a month, and contributed most of it to the support of his family, which consisted of a wife and several children. He was, according to the record, a good husband, enjoying the esteem and affection of his family. Thus it will be seen the loss to his wife and children consisted of the net amount that he would have contributed to their support if he had lived, and the companionship, society, and consortium with his family, lost through his death, are elements of damage recoverable in this case. Now, it is easily calculated that the amount properly recoverable in this case as actual damages to the wife and children is much more than the amount of the judgment recovered in the case. And this is true exclusive of the other elements of damage for which recovery could have properly been had, and also exclusive of any damages for mental pain and suffering which the court erroneously charged the jury they might allow the plaintiff. Therefore it is our opinion that the erroneous instruction was harmless in this case. There was no other reversible error in this record. If we reversed the judgment because of the erroneous instruction men-

tioned, it would be to send the case back to the lower court for a new trial on the question of damages only; and, as it appears that the appellees herein have been damaged more than the amount of the verdict, we think it is reasonable to say that another jury would not render a verdict for inadequate damages, an amount less than five thousand four hundred dollars, and therefore the judgment ought to be affirmed instead of granting a new trial on the damages alone.

The judgment of the lower court is affirmed.

*Affirmed.*