GULF REFINING CO. *v.* MILLER *et al.*[*]

(Division A. April 8, 1929. Suggestion of Error overruled May 13, 1929.)

[121 So. 482. No. 27726.]

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2847, p. 872, n. 19; section 3031, p. 1048, n. 76; Death, 17CJ, section 183, p. 1314, n. 75; section 206, p. 1333, n. 76; section 235, p. 1350, n. 7; Parent and Child, 46CJ, section 79 p. 1281, n. 92. As to excessiveness or inadequacy of damages for personal injuries resulting in death, see annotation in L. R. A. 1916C, 820; 48 A. L. R. 836. As to right of father to earnings of unemancipated child, see 20 R. C. L. 607; 6 R. C. L. Supp. 1226.

*Amis, Dunn & Snow,* for appellant.

*Williams & Clayton* and *Martin Miller,* for appellees.

Argued orally by *A. B. Amis,* for appellant, and *Martin Miller,* for appellees.

McGowen, J. On the second trial of this case the verdict of the jury and the judgment of the court awarded damages in the sum of eleven thousand dollars in favor of appellees; and from this judgment of the lower court the Gulf Refining Company prosecutes its second appeal to this court.

The former decision of this court is found in the case of *Gulf Refining Co.* v. *Miller et al.,* 150 Miss. 68, 116 So. 295. This is a suit by the mother, brothers, and sisters for the pecuniary loss occasioned by the death of Vardaman Hall Miller, who was instantly killed in March, 1927, by an oil truck of the appellant, alleged to have been the result of negligence on the part of the driver. There is no material difference in the facts as stated in the instant case and as shown on the former hearing of this case, so we will not undertake to detail here the occurrences which led to the death of Vardaman Miller, as we do not think there is any serious contention as to whether, under the evidence and the former decision of this court, a reversal can be predicated upon the question of liability; the only errors assigned and argued being as to the instructions of the court and the amount of the verdict.

1. Appellant complains of, and assigns as reversible error, the giving of instruction No. 9 on behalf of the plaintiff, as follows:

"The court charges the jury that if you find for the plaintiff it will be your duty to return your verdict for that sum which will be fair and reasonable compensation for all of the damages sustained by the plaintiffs, if any, as shown by the testimony, as a direct and proximate result of the negligence, if any, of the defendants, in the injury and death of the decedent, Miller."

Appellant says this instruction did not inform the jury as to the elements or measure of the damages to be considered and awarded by it, but left it free to allow such damages as it might conclude to be right and proper; and cites *Yazoo & M. V. R. Co.* v. *Decker,* 150 Miss. 621, 116 So. 287, as authority for a reversal. In this cause damages are recoverable under and by virtue of chapter 229, Laws of 1922 (section 515, Hemingway's Code of 1927), the applicable part of which is in this language:

"Such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to each and all parties interested."

The instruction complained of is to all intents and purposes in the language of the statute, and we do not think that appellant can complain here because of the giving of this instruction, on account of any announcement made by this court in the *Decker case, supra,* as the damages recoverable there were by virtue of the Federal Employers' Liability Act, and the language used in the condemned instruction permits the jury to estimate *the loss sustained by the plaintiff.*

There is no such vice in this instruction, and nothing therein contained prevented the appellant from securing instructions which would have further informed the jury as to the elements of damages which they had a right to consider in determining on their verdict.

Indeed, we do not think that appellant could complain had the appellees asked no instruction at all on the measure of damages or the elements of recovery permitted under the statute here considered.

As the court said in the Decker case, the loss sustained by a wife and children in the death of the husband and father frequently cannot be compensated by any amount of money. And the language used in the instruction in the instant case is not in conflict with the statute or the construction hitherto placed thereon by us.

2. Appellant assigns as error the refusal of instruction No. 5, which is as follows:

"The court instructs the jury for the defendants that even though the jury may find a verdict for the plaintiffs, yet the law does not authorize, nor should the jury award any damages in favor of the plaintiffs on account of their loss of society and companionship of Vardaman Miller."

Counsel insist that the former opinion in this case excludes this element of damage, in which opinion Chief Justice SMITH used this language:

"Under the clause of the statute permitting recovery for 'all damages of every kind to any and all parties interested in the suit,' the appellees have the right to recover, not the value of Miller's life expectancy, but the present value of any pecuniary advantage which the evidence might have disclosed they had a reasonable expectation of deriving from Miller, had he continued to live. No such expectation was here attempted to be shown."

Counsel misconceives and misinterprets this language of the court. This court is committed to the doctrine that under this statute the proper parties have a right to recover the pecuniary value, as estimated by the jury, of the loss of companionship and society. *St. L. & S. F. R. Co.* v. *Moore*, 101 Miss. 768, 58 So. 471, 39 L. R. A. (N. S.) 978, Ann. Cas. 1914B, 597; *I. C. R. Co.* v. *Fuller*, 106 Miss. 65, 63 So. 265; *G. & S. I. R. Co.* v. *Boone*, 120 Miss.

632, 82 So. 335; *Jackson* v. *Port Gibson,* 146 Miss. 696, 111 So. 828; *New Deemer Mfg. Co.* v. *Alexander,* 122 Miss. 859, 85 So. 104; *Moore* v. *Johnson,* 148 Miss. 827, 114 So. 734.

Counsel for appellant cite us to the case of *Mobile & O. R. Co.* v. *Watly,* 69 Miss. 145; 13 So. 825, wherein the court held under the statute then under review that the loss of society and companionship was not an element of damage. In the Moore case, however, the difference in the statute was pointed out. Appellant asks us now to put the same interpretation on the statute quoted herein as was placed upon the statute there in force and considered in the decision in the Watly case. This we declined to do, for the reasons indicated in the cases cited herein; and we think the court correctly refused to grant the instruction excluding loss of society and companionship as an element of damage herein.

3. There is assigned as error refused instruction No. 2, requested by appellant, but it is conceded here that this instruction was defective as presented, and should not have been granted.

4. Appellant complains that the court refused instructions Nos. 3 and 4. These two instructions are to the same effect, and we set forth instruction No. 4 *verbatim*:

"The court instructs the jury for the defendants that even though they may find a verdict for the plaintiffs, yet there is no testimony in this case sufficient to authorize the jury to award any damages in favor of the plaintiffs, or either of them, on account of the loss of any pecuniary benefits to be derived from Vardaman Miller after reaching twenty-one years of age."

In the former opinion, this court said, with reference to this element of damage, that no such expectation was here attempted to be shown.

In *Telegraph & Telephone Co.* v. *Anderson,* 89 Miss. 732, 41 So. 263, this court held that:

In a proper case the parent was entitled to recover "such gratuities, if any, as the evidence may show the parent had a reasonable expectation of receiving from the child before or after its majority."

Appellees contend that the evidence offered on this trial warranted a recovery of this element of damage. The lad was thirteen and one-half years of age, in good health, had good habits, was in the sixth grade in the public school, was kind, attentive, obedient to his·parents, with whom he lived. He was helpful at home— milked the cow, brought in the wood, ran errands, and assisted in the household and kitchen work. On Saturdays and Sundays he sold papers, and earned his shoes and clothing during the school term. He worked in the summer, sometimes at the knitting mill, sometimes at Brewster's, where he earned ten dollars a week, and also on the farm, being able to pick one hundred fifty pounds of cotton a day. He gave to his mother all the money he earned, and rendered every service to his mother that would be expected of a good boy; but his parents were entitled to his services and to his earnings, he not being emancipated during his minority, and it could not be said that any of the services rendered, or any of the money earned and paid over to his mother were gratuities. All the items enumerated and shown in this record, of earnings turned over to the mother, and of services rendered to the family, were such as the law gave as an absolute right to the parents. These were not gratuities, and we did not think on the former appeal, and we do not think now, that any gratuities had been received in the past by the appellees. Therefore there could not be a reasonable expectation of gratuities in the future, after the boy had reached his majority. *Telegraph & Telephone Co.* v. *Anderson, supra.*

In addition to what was said by Judge WHITFIELD in this case, we add that a minor might be earning a large salary, and might be emancipated to the extent that he

might have a right to keep his earnings, and yet might make liberal gratuitous donations to his parents. In such a case, such gratuities being proven, the jury might be warranted, under certain facts and circumstances, in believing that the parents had a reasonable expectation that the gratuities would continue after the boy reached his majority.

But in this case, while there are authorities supporting the contention of counsel under similar statutes, we think the testimony offered here is simply an enlargement of what was in the record before, and is in effect cumulative, the record not presenting a different case on this point.

We think the court should have granted this instruction, but, in the light of the fact that the jury was not instructed in any wise to consider this element of damage, we do not believe that we should reverse this case because of its refusal; for we have no reason to believe that the jury awarded anything on this element of damage.

5. It is next insisted that eleven thousand dollars is an excessive verdict in this case. Appellant's argument is predicated mainly upon the opinion entertained by him that the appellees were not entitled to recover for loss of companionship and society; and, having ascertained that this was a proper element to be considered by the jury therein, the argument of counsel for appellant as to the proper amount of the verdict must fall to the ground. He estimated that the present value of the earnings of Vardaman Miller, from the date of his death until he was twenty-one years of age, would be three thousand six hundred seventy-five dollars. But counsel for appellant does not take into consideration that this boy is shown to have been a healthy, intelligent, industrious boy, who loved his parents devotedly, and who worked and gave his money to his mother; and we think counsel is in error in assuming that such a boy's earning capacity

would not have increased rapidly during the seven and one-half years, which is the time for which the calculation is to be made.

When it comes to estimating the loss of companionship and society to a mother and to brothers and sisters, we realize that there must not be any yielding to sentimental feelings, but that the verdict must be viewed in the light of compensation in dollars. Still, the matter is largely one for a jury, and, unless the verdict evinces passion and prejudice, this court must not apply its own judgment, but must accept the verdict of the jury.

In the former trial of this case, where the value to the parties in interest of the life expectancy of the deceased was permitted to be considered by the jury, the verdict was for fifteen thousand dollars. We cannot say now that eleven thousand dollars for the loss of companionship and society, with present value of his earnings and services, of a boy who is depicted by this record as being unusually intelligent, industrious, and lovable, is excessive, or that it evinces passion or prejudice on the part of the jury. The record pictures Vardaman Miller as being the pride of his father, the joy of his mother, the idol of his sisters, and the boon companion of his brothers.

We do not find any reversible error in this record.

*Affirmed.*