## J. J. NEWMAN LUMBER CO. v. CAMERON.

(Division A.   May 31, 1937.   Suggestion of Error Overruled July 19, 1937.)

[174 So. 571.   No. 32650.]

Heidelberg & Roberts and Lamar Hennington, of Hattiesburg, and Watkins & Eager, of Jackson, for appellant.

**Currie & Currie**, of Hattiesburg, for appellee.

Argued orally by **W. H. Watkins,** and **Mrs. Elizabeth Hulen, for appellant,** and by **Dan T. Currie** and **Neil T. Currie,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee recovered a judgment against appellant for $30,000, damages sustained by him on account of a personal injury which he alleges was caused by appellant's negligence.

The appellant is engaged, among other things, in the manufacture and sale of lumber, and owned a number of railroad cars. The appellee was employed by it. When his injury was received, the appellee was engaged in dismantling some of the railroad cars for the purpose of salvaging the material therein. In order to dismantle the cars, it became necessary for the appellee to remove iron bolts in the journal boxes of the car wheels which were held in place by iron nuts screwed on the ends

thereof. These nuts were removed by means of a monkey wrench, when possible to do so, and if not, by cutting either the nuts or bolts. He had been using a cleaver, an ax-like instrument, for this purpose. In using this cleaver, the appellee would hold it by its handle and place its blade against the nut or bolt; the head of the blade would then be struck by another with an iron maul. This cleaver broke, and the appellee thereupon applied to the appellant's foreman, who was charged with the duty of directing the work and supplying tools therefor, for another cleaver. The foreman said he had no other cleaver and gave the appellee a chisel twenty-two inches long for use in lieu of a cleaver. The appellee says that he objected to using this chisel and told the foreman ''it was dangerous, that the chisel bar wasn't fit to use as it wasn't safe,'' whereupon the foreman said ''it was dangerous, but it was all we had, and it was either that or walk—go home.'' The foreman's version of the conversation is: ''They asked me couldn't I get some other way for it to be done—to do it with, and I told them, no I couldn't, I didn't have anything to do it with.'' He admitted that he ordered the appellee to use the maul and chisel. The appellee obeyed this order. When cutting the nuts and bolts with this chisel, it was necessary for the appellee to hold the chisel with his hands, somewhere between its head and the cutting end thereof, and place the cutting end against the nut or bolt, while his helper struck the head of the chisel with an iron maul weighing about twelve pounds. One of these bolts was near the bottom of a wheel, about seven inches from the ground. In order to cut the nut from this bolt with the chisel, it became necessary for the appellee to either stoop or kneel, bringing his head into close proximity with the chisel, and while holding the cutting edge of the chisel against the nut or bolt, his helper struck the chisel a glancing blow which caused him to lose control thereof, resulting in both chisel and maul striking the appellee on the head over the eye.

.

According to the appellee's helper, what occurred was that when he struck the chisel the bolt gave way, causing the chisel to jerk the appellee forward, resulting in his head coming in violent contact with the chisel. This blow on the head, according to the appellee and his witnesses, produced a serious injury from which he shortly afterwards became totally blind.

The ground of the appellee's complaint is that the appellant failed to discharge the duty it owed him to exercise reasonable care to furnish him with reasonably safe tools with which to cut the nuts and bolts, the chisel being an unsuitable and unsafe tool therefor because it was too short. The evidence discloses that a chisel and maul are suitable tools for cutting nuts and bolts, and are in customary use for that purpose, but that their safety is conditioned on the length of the chisel; that for the appellant indicating that a chisel thirty inches in length could be safely used, one of its witnesses said he had used a chisel twenty inches in length, but the circumstances under which he had used it do not appear. According to the appellee's evidence, the chisel should be four or five feet in length. The danger of using a chisel and maul for cutting nuts and bolts consists in this, one holding the chisel must hold it tight and perfectly still against the nut or bolt, and the one using the maul must strike the chisel squarely on its head. Should either fail in this regard, the maul might glance from the chisel and strike the person holding it. His hand and arm would always be in danger therefrom, and other portions of his body if in close proximity to the chisel; this danger would also result should a nut or bolt suddenly give way when being struck, all of which is perfectly manifest without the aid of expert testimony relative thereto.

According to the assignments of error, the court below erred, (1) in refusing to direct a verdict for the appellant; (2) in granting certain instructions for the appellee and refusing others requested by the appel-

lant; and (3) in refusing to set aside the verdict, which the appellant asserts is against the weight of the evidence.

The ground on which the appellant's claim for a directed verdict rests is that the chisel and maul were simple tools, and therefore within the simple-tool exception to the rule that the master is under the duty to exercise reasonable care to furnish his servant with reasonably safe tools with which to do the work required of him. The chisel and maul were both simple tools, but the danger to the appellee in the use thereof arose, not from any defects therein, but from the mode and manner in which he was required to use them, i. e., hold a chisel, twenty-two inches in length, against a nut or bolt, while the chisel is being struck by another with a twelve-pound iron maul for the purpose of cutting the bolt. This danger should be manifest to any one who knew the length of the chisel and that it was to be so used, but if not, the danger could have been easily ascertained by the exercise of slight care for that purpose, consequently the appellant's foreman was guilty of negligence when, over the appellee's protest, he peremptorily ordered the appellee to use the chisel, with knowledge of the mode and manner of its required use. The work the appellee was doing was of a temporary character, and would have been completed in a short time, so that the foreman's order to use the chisel and maul is analogous to an order by a master to his servant to use a defective appliance, coupled with a promise to repair it. Moreover, the appellee was bound to obey this order, or risk being disciplined for insubordination. Under such circumstances, the master is not relieved of liability for an injury from the use of unsafe tools, although the servant may have been as competent as the master to determine the suitability thereof for the performance of the required work. Any question as to the assumption, by the appellee, of the risk incident to the use of the chisel and maul in the mode and manner required is eliminated

by section 513, Code 1930, which abolishes the common-law doctrine of assumption of risk by a servant when the master is negligent. The court below, therefore, committed no error in refusing to grant a directed verdict for the appellant.

The instructions complained of by the appellant are said to hold the appellant to the absolute duty of furnishing the appellee with reasonably safe tools with which to work, instead of the duty to exercise reasonable care so to do, and do not confine the jury to the negligence alleged in the declaration. The instructions refused the appellant advise the jury that it could not find the appellant negligent in not furnishing the appellee with another cleaver which the appellant says the evidence demonstrates could not have been used for cutting the particular bolt or nut which appellee was attempting to cut when he was injured, and that it could not find the appellant guilty of negligence in not furnishing the appellee with an acetylene torch which it owned, and which, according to the evidence, would have been a perfectly safe appliance for cutting nuts and bolts.

It is unnecessary for us to determine whether these complaints of appellee would be otherwise well founded, for the reason that if errors appear therein, they would not justify the setting aside of the verdict, for it is so manifestly correct, in so far as it determines the appellant's liability, that a contrary verdict would not be permitted.

Specifically, and to repeat, it is manifest from the evidence: (a) That this chisel was a dangerous tool with which to cut nuts and bolts in the mode and manner required; (b) this danger should have been manifest to the appellant's foreman, and if not, could have been ascertained by the exercise of slight care; consequently (c) he was guilty of negligence when he ordered the appellee, over his protest, to use the chisel for the cutting of nuts and bolts; and (d) appellee did not, under

section 513, Code 1930, assume the risk incident to the use of the chisel in the mode and manner required.

The appellant says that the verdict is excessive for the reason that the evidence does not support a finding that the appellee's blindness resulted from the injury he received. We do not so understand the evidence, for while it is conflicting as to this, that for the appellee supports his contention that his blindness was so caused..

Affirmed.