### WOOD et al. v. MORROW et al.
### No. 9742.

Circuit Court of Appeals, Fifth Circuit.
May 21, 1941.

---

A. M. Mitchell and Byrd P. Mauldin, both of Pontotoc, Miss., for appellants.

Forrest B. Jackson, of Jackson, Miss., and Geo. T. Mitchell, of Tupelo, Miss., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought under the Mississippi death statute,[1] the suit was for $50,000 for the death through negligence of plaintiffs' minor child. The proof shows that the father was 31 years of age, the mother 29, and that the child was a healthy lovable child, approximately three years old. It also amply supports the claim that her death was the result of defendants' negligence. Upon this record, the trial judge, over the objection of plaintiffs, instructed the jury, "You could only consider the cold financial value in dollars and cents for the loss of companionship which might exist between this mother and father and sister and this child for such period of time as you think under the evidence might have continued. Under the law as I understand and as has been laid down by the Courts for years and years that can never amount to what might be said to be substantial damages, I do think the Courts have laid down the rule however, that it is not considered to be substantial damages unless it exceeds the sum of some $2,500.00 or $3,000.00 * * * in no event could you return a verdict for more than $3,000.00 at the outside." The jury returned a verdict for $800. From the judgment on that verdict, plaintiffs have appealed. Two errors are assigned, one that the charge limiting the right of recovery was an invasion of the province of the jury, the other, that the verdict is grossly inadequate. Appellee defends the charge as without error and as

clearly harmless, if erroneous, because the jury found a verdict greatly less than the limit set by the judge. Defending the verdict as not at all inadequate it cites instances of verdicts in child death cases for less than $800 which had been held adequate and verdicts as high as $3,000 which had been held excessive. We need not concern ourselves with the claimed inadequacy of the verdict, for we think it plain that the instruction placing a limit on the verdict of the jury was an invasion of the jury's province, without warrant under the Mississippi statute and decisions. Nor will it at all do to say as appellees do, that the error was harmless because the verdict was for an amount far below the maximum the judge fixed.

If speculation as to whether the erroneous charge was in fact harmful might be properly entered upon, it would be difficult, if not impossible, to resist the conclusion, that the charge of the court, that the damages to be awarded, "can never amount to what might be said to be substantial damages" and that unless the verdict exceeds the sum of $2,500 or $3,000, it would not be considered substantial damages, had the inevitable effect of producing a small verdict. But when an error of the magnitude of this one, an error of the entry of the court into the field of damage assessment, a field reserved both at common law and under the Mississippi statute, to the jury, is in question, speculations of this kind are utterly irrelevant. The Mississippi statute provides that the "parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit." The Mississippi decisions[2] give full effect to the statute. By the charge of the court, the parties were deprived of the right the statute accorded them. The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.

---

[1] Sec. 510, Miss.Code of 1930, "Actions for injuries producing death."

[2] Gulf & S. I. R. Co. v. Boone, 120 Miss. 632, 82 So. 335; Gulf Refining Co. v. Miller, 153 Miss. 741, 121 So. 482; Yazoo M. & V. R. Co. v. Beasley, 158 Miss. 370, 130 So. 499; Our case of Moser v. Hand, 5 Cir., 81 F.2d 522, went off on the particular error assigned to the charge. It is not in conflict with the Mississippi decisions here cited.