FIELDS *v.* JOHNSON

No. 43459          April 5, 1965          173 So. 2d 428

*Alexander, Feduccia & Alexander*, Cleveland, for appellant.

*Jacobs, Griffith & Hatcher,* Cleveland, for appellee.

GILLESPIE, J.

Plaintiff below, appellant here, filed suit against defendant below, appellee here, for personal injuries. The court sustained a demurrer to the declaration and dismissed the suit. Plaintiff appealed to this Court.

■■ For the purposes of this opinion the facts are stated as charged in the declaration and considered as true. Plaintiff was an employee on the farm of defendant. In the early spring of 1962 defendant was in a hurry to complete work of tearing down houses on the farm, putting up fences, and making repairs before the farming season arrived. In order to construct a fence along the creek bank, it was necessary to cut the underbrush and trees, and on the date charged in the declaration, plaintiff was clearing the creek bank of underbrush. Defendant's son and agent brought an extremely dull ax to the place where plaintiff was working. The ax had been used to wreck houses and cut tin and had not thereafter been sharpened. The defendant was in a hurry to complete the work of clearing the creek bank and building the fences because of the nearness of the farming season. Plaintiff was required and commanded to cut the underbrush with the extremely dull ax, and was required to cut a pecan tree or bush about one inch in diameter, and when he attempted to do so the ax failed to cut the sapling and the top of it sprang back and struck and injured his eye. Plaintiff charged the defendant with negligence in furnishing an unsafe

tool with which to work in that the ax was dull and dangerous.

▉▉ Appellant concedes that an ax is a simple tool but contends that Mississippi Code Annotated section 1456 (1956) abolished the doctrine of assumption of risk of an employee as to simple tools as in all other cases where the employee sues the master. Section 1456 was enacted in 1914, first appearing in Hemingway's Code of 1917 as section 504. Plaintiff argues that the earlier cases decided by this Court regarding simple tools before the adoption of section 1456 and section 1454, the comparative negligence statute, have no binding effect if the master was negligent at all in furnishing a defective or dangerous simple tool, and that under said statutes the plaintiff would not be barred if the master was guilty of any negligence; that under section 1454 the damages could be diminished in proportion to the amount of negligence attributable to the person injured.

We find that the cases following the enactment of the comparative negligence statute and the statute abolishing the doctrine of assumption of risk of an employee hold that when an employee is injured by the use of a simple tool, the master is not liable to the servant for furnishing a simple tool which is defective. Wausau Southern Lumber Co. v. Cooley, 130 Miss. 333, 94 So. 228 (1922); Bear Creek Mill Co. v. Fountain, 130 Miss. 436, 94 So. 230 (1922). The cases relied upon by the plaintiff to sustain this part of his argument are Cole v. Tullos, 228 Miss. 815, 90 So. 2d 32 (1956), and Oakes v. Mohon, 208 Miss. 478, 44 So. 2d 551 (1950). Those cases are not controlling since they did not involve simple tools.

▉ ▉ Plaintiff next contends that the declaration stated a good cause of action because of the affirmative command of the master to the servant to perform an unsafe act. In urging this contention, plaintiff relies

on the rule firmly established in this jurisdiction that an employee is bound to obey the direct order of the master or risk being discharged for insubordination, and if the master orders the employee to use a defective tool or appliance, even a simple tool, over the protest of the employee, the employee is not held to assume the risk incident to the use of such tool and may recover if injured thereby. Everett Hardware Co. v. Shaw, 178 Miss. 476, 172 So. 337 (1937); J. J. Newman Lumber Co. v. Cameron, 179 Miss. 217, 174 So. 571; Masonite Corporation v. Graham, 199 Miss. 833, 25 So. 2d 322 (1946). Plaintiff contends that the affirmative command of the defendant, through his agent, to plaintiff requiring him to perform an unsafe act raises a question of negligence for the jury. He relies on cases such as Goodyear Yellow Pine Co. v. Mitchell, 168 Miss. 152, 149 So. 792 (1933); Everett Hardware Co. v. Shaw, *supra,* and J. J. Newman Lumber Co. v. Cameron, *supra.* (Hn 4) We have carefully considered this argument and in doing so find that the declaration does not charge that the defendant's agent commanded or ordered plaintiff to cut the particular pecan sapling with the dull ax. What the declaration does charge is that "plaintiff was required and commanded to cut the underbrush with an extremely dull and dangerous ax." It does not charge that defendant's agent gave a direct command to use the dull ax on the particular sapling or to cut the sapling in any particular manner.

Plaintiff also contends that the general allegations in the bill of complaint that the defendant was in a rush and hurry to get the work done before the farming season approached constituted a sufficient charge of negligence. The charge that defendant was in a hurry to get the work done was a general one and did not constitute a direct command to hurry in regard to the particular act done when the plaintiff was injured.

We are of the opinion that the trial court correctly sustained the demurrer, and the case is affirmed.

Affirmed.

*Lee, C. J., and Rodgers, Jones and Brady, JJ.,* concur.