JONES, Justice.
Appellee, a minor, by his father and next friend, sued appellants in the Circuit Court of Harrison County for damages because of personal injuries received in an automobile accident in the City of Biloxi, Mississippi, and on trial was awarded a judgment of $20,000, from which judgment appellants appeal. For the reasons hereinafter stated, we affirm the case.
On August 28, 1964, at approximately 1:30 or 2:00 p. m. at the intersection of Miramar Street and Wilkes Avenue, the truck in which appellee was riding, belonging to the appellant, Ivan Kovacevich, and driven by appellant, Tom J. Sonnier, collided in the intersection with a car driven by the appellant, Miss Elsie P. Gillis. Wilkes Avenue runs generally east and' west; Miramar runs generally north and south. The truck in which appellee was riding was traveling south on Miramar Street; the car driven by Miss Gillis was traveling west on Wilkes Avenue. The evidence was conflicting as to what occurred at and in the intersection, and the court was fully justified in submitting the issue of negligence as to all appellants to the jury.
The appellant, Miss Gillis, by her attorney, assigns as error: The action of the circuit court in overruling the motion for a new trial, and in refusing appellant’s request for a directed verdict; that the verdict of the jury was against the overwhelming weight of the evidence; and, that the court erred in granting instructions on behalf of appellee and her co-appellants. She did not allege that the verdict was excessive.
The other appellants assign as error: That the court erred in granting appellee’s instruction on damages; that the verdict is excessive; and, that the trial court should have granted a new trial.
We have examined the instructions on the question of negligence of the three defendants-appellants. These instructions fairly *313 -present the issues to the jury, submitting the different theories as to who entered the intersection first, as to whether they entered the intersection at the same time, and as to whether a proper lookout was kept. On the evidence and with the instructions given, the jury returned its verdict, and a judgment was entered against the three defendants-appellants jointly.
The only question which we think merits discussion is the instruction on damages. The verdict was not excessive and was ■fully justified by the proof.
The instruction begins:
“The Court instructs the jury for the plaintiff * * * in determining the measure of his damages, you may find for him in an amount which will fully and fairly compensate him for all his injuries, suffering and damages, if any, * * * including * * * ”
'There is then stated seven different items which the jury is authorized to consider.
Appellants challenge this instruction on the ground that it permits pyramiding ■of damages. Those things most vigorously argued are statements that the jury might consider, (1) wages which the plaintiff has lost and will probably lose in the future, if any, as a direct result of his being disabled, or his being unable to perform the work which he was able to perform immediately before the collision, and (2) diminishment or impairment of wage ■earning capacity which plaintiff has suffered as a direct result of abovementioned injuries, if any.
Appellant argues that these two items permit a double recovery for the same items, or a pyramiding of damages. As to wages, the jury is restricted to those which plaintiff has lost or will probably lose in the future as a direct result of being disabled to perform the work which he was able to perform at the time of the injury. The plaintiff was a 15 year old boy, who, at the time of the injury, was employed in delivering newspapers, making his deliveries about 3:00 or 4:00 a. m. The item as to wages was confined to those which he had lost and would probably lose in connection with that work. The jury would have been justified in assuming that this fifteen year old boy, healthy, active, attending school, would not remain a delivery boy of newspapers all of his life. They had a right to consider that as he grew older and more mature he would very probably engage in other vocations, and, in connection therewith, the jury had a right to consider the diminishment or impairment of his earning capacity. We do not think that the jury, as reasonable men, would have considered this wording to authorize recovery twice for the same item.
The difference between earnings and earning capacity has been recognized by this Court in Walters v. Gilbert, 248 Miss. 77, 158 So.2d 43 (1963). The difference has also been recognized by this Court in workmen’s compensation cases. See, King v. Westinghouse Elec. Corp., 229 Miss. 830, 92 So.2d 209, 93 So.2d 183 (1959). See also cases listed at 14A Mississippi Digest, Workmen’s Compensation, ‘@==>1624.
Appellants also say the items authorizing the jury to consider (a) the nature and extent of the injuries which plaintiff had suffered as a direct result of the collision and (b) disability, if any, which plaintiff had suffered as a direct and proximate result of his injury, if any, was such as would authorize a doubling or pyramiding of damages. These two items are really one, in that they authorize the jury to consider the young man had received particularly a multiple fracture of the kneecap which required its removal and the disability, if any, which plaintiff suffered as a direct and proximate result of the removal of his kneecap.
Had he lost an entire leg, the jury, of course, would have considered the fact that he had lost a leg and would have considered the disabilities resulting from the loss of that leg.
*314 In 2SA C.J.S. Damages § 181, at 203-205 (1966), it is stated:
“The instructions must be so framed as not to mislead the jury into a duplication of the elements of recovery, or into an award of damages twice for the same loss, although instructions enumerating different items of recovery, even if redundant or repetitive in character, are not objectionable if so worded that no reasonable jury would construe them as permitting double or duplicate recovery for single items, as where the alleged duplicating language is used merely in apposition to, and in explanation of, what preceded, and, in determining whether or not a double award has likely been made, the appellate court will consider the whole charge, evidence, and verdict.
“An instruction that plaintiff may recover for the personal injuries sustained, followed by an enumeration of the elements of damage which may be considered, is not objectionable unless it is such as to induce the jury to allow both for the personal injuries and for the elements of damage enumerated; nor is it ordinarily objectionable to charge that in estimating the damages the jury may consider, if it is proved, plaintiff’s loss of time and his diminished capacity for labor, as such expressions are usually so used that a jury could not be supposed to understand them as referring to one and the same period or loss, although an instruction of this nature may be so worded that the objection is tenable.
“Instructions permitting recovery for sundry different elements of damage must find support in the evidence.”
While we do not necessarily approve this instruction in its entire form and verbiage, we do not see how a reasonable jury, considering the facts before it, could have been misled thereby into thinking the court was advising them they could return two sums for the same thing.
However, there is another reason why we do not think this instruction is reversible error.
As stated, appellee was fifteen years of age at the time of his injuries. He-had lacerations on his head and on his eye which required suturing and left scars. He spent two weeks in the hospital when his kneecap was removed and the tendons re-attached with sutures or stitches. After spending two weeks in the hospital, he was required for three or four months to undergo physical therapy. The accident happened on August 28, 1964, and the trial was in October 1965. At the time of the trial, he was still suffering pain from his-knee.
He had been earning $25 per week as a newspaper deliverer and, since the accident, he had been unable to work, except at some time after the accident, trying to help his father who was a newspaper distributor, he did accompany his parent in his truck.
Appellee had been active in football, basketball, baseball, and sports in general. He could no longer participate because of his injuries. The medical and hospital bills amounted to $1400 or $1500. He could not start to school in September 1964, and,, after missing a session, was self-conscious about being so far behind and did not return to school in September 1965. As stated, he did on occasions ride with his father, although he had trouble trying to get in and out of the truck. He tried to follow the doctor’s orders to exercise by riding a bicycle, but his leg gives out on him. Dr. W. F. Everett, an orthopedic surgeon, saw him, together with Dr. Harrell. Dr. Everett stated the boy had multiple lacerations on his face and left eye; that he had a compound fracture- of his left kneecap — an open, large laceration involving the bone, and his kneecap was in multiple fragments. An injury of this sort is very susceptible to infection and an operation was the only treatment. The doctor further testified the boy received physical therapy until December 4, 1964; that this *315 is a serious and very painful injury and is permanent; that the boy lacked 20% flexion in the knee, which is an 8% impairment of the leg and 8% impairment of the whole body; that the boy will not be able to stoop -or bend as a normal person; that it will he painful to kneel on his knees; that he will have much trouble in rising from a squatting position; that he will have a permanent limp. Dr. Everett testified that he thought the flexion would improve with exercise, hut could not tell to what degree, and he ■did not know whether appellee would improve any more.
The deposition of Dr. F. H. DeVane, an orthopedic surgeon of Mobile, Alabama, was introduced. He examined the plaintiff-appellee on March 31, 1965. While he said the boy had no limitation of motion at that time, he placed a permanent disability of 15% on the entire left leg. He testified that such an accident entails a great deal of pain; that the boy would have trouble in climbing and in rising from a ■squatting position; that he might have 30% disability in rising. He did not think his disability would vary much from what it was at the time he examined him; that the boy’s ability to climb stairs, ladders, etc. and to engage in sports would forever he impaired.
We believe the verdict is not excessive and is justified by the evidence.
The general rule is that a case will not be reversed where the erroneous instruction is not prejudicial or harmful to the complaining party. 5A C.J.S. Appeal & Error § 1763(l)a, at 1147 (1958).
The rule has been applied in automobile -cases and where the erroneous instruction was as to damages. 5A C.J.S. Appeal & Error § 1763(l)c, at 1179 (1958).
In Newman Lumber Co. v. Cameron, 179 Miss. 217, 174 So. 571 (1937), this Court had before it a judgment in favor of plaintiff for $30,000 for personal injuries. The lumber company there complained of instructions given regarding liability, and this Court said:
“It is unnecessary for us to determine whether these complaints of appellee would be otherwise well founded, for the reason that if errors appear therein, they would not justify the setting aside of the verdict, for it is so manifestly correct, in so far as it determines the appellant’s liability, that a contrary verdict would not be permitted.” (179 Miss. at 233, 174 So. at 573.)
In Koestler v. Burton, 207 Miss. 40, 41 So.2d 362 (1949), this Court, on appeal of a case where a verdict was rendered for plaintiff, held that where the jury might, under an instruction, have considered as an element of damages the disfigurement of a person, which element was not at that time recognized, the case would not be reversed because other elements of damages justified the verdict that was rendered.
In Quinn v. Tillman, 17 So.2d 326 (Miss.1944), it was held that an instruction permitting the jury to award punitive damages was error, but harmless, where it was clear that no such damages were awarded. See also, Moore v. Johnson, 148 Miss. 827, 114 So. 734 (1927).
For the reasons herein stated, this case is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY and ROBERTSON, JJ., concur.