GULF REFINING CO. *et al. v.* MILLER *et al.*\*

(Division A.   March 26, 1928.)

[116 So. 295.   No. 26990.]

*Corpus Juris-Cyc. References: Death, 17CJ, p. 1326, n. 3; Motor Vehicles, 42CJ, p. 1242, n. 96; p. 1282, n. 8.

*Amis, Dunn & Snow,* for appellants.

*Williamson & Clayton* and *M. V. B. Miller,* for appellees.

*Amis, Dunn & Snow,* in reply, for appellants.

SMITH, C. J. This is an appeal from a judgment for damages for the death of the son of one and brother of the other appellees, alleged to have been killed by the negligence of one of the appellant's employees.

Eighth avenue, in the city of Meridian, crosses B street at a right angle, the former running north and south, and the latter east and west.

On the occasion in question, the. deceased, who will hereinafter be called "Miller," and who was thirteen and one-half years old, was in a Ford truck going south on Eighth avenue, sitting on some feedstuff in the rear of the truck, with his feet on the side of the truck, facing the west. While this Ford truck was crossing B street, an oil truck, belonging to the Gulf Refining Company, that was traveling west on B street, crossed Eighth avenue immediately behind it, and struck and instantly killed the deceased who had fallen from the Ford truck into the street.

According to the evidence for the appellees, the Ford truck reached the intersection of the streets just before it was reached by the oil truck, which latter truck was traveling at a rate of speed variously estimated at from fifteen to twenty miles per hour; when Miller fell from the Ford truck, the oil truck was twenty or twenty-five feet east of the intersection of B street with Eighth avenue (if this is true, the oil truck was at least thirty-five or forty feet from Miller when he fell); the speed of the oil truck was not decreased until it struck and killed Miller, when its speed was checked and it was brought to a stand in about eighteen feet from the place where Miller was struck. What caused Miller to fall from the

Ford truck is not disclosed by the evidence, for he was in the act of falling when the attention of the witnesses was first attracted thereto.

According to the evidence of the driver of the oil truck, he approached and crossed Eighth avenue with due care, and Miller fell from the Ford truck immediately in front of, and about three feet from, the oil truck, and he, the driver of the oil truck, then did everything in his power to avoid striking Miller. Miller was struck by the left front wheel of the oil truck, and, probably, also by the left hind wheel thereof.

There were no vehicles then in the street other than these two trucks.

Three of the appellant's contentions are that the court below erred: (1) In not directing the jury to return a verdict for it; (2) in granting the appellee an instruction which we have numbered 3, and which the reporter will set out in full; and (3) in granting the appellee an instruction on the measure of damages which we have numbered 1, and which the reporter will also set out in full.

No error was committed by the court below in refusing to direct a verdict for the appellant. It appears from the evidence that the truck could have been and, in fact, was brought to a stop in a distance of eighteen feet, and that the accident could have been avoided by deflecting the oil truck slightly to the right; consequently, it was for the jury to say whether or not the driver of the oil truck saw, or, in the exercise of due case, should have seen, Miller when the truck was sufficiently distant to have enabled the driver to avoid striking him by the exercise of due care.

The appellee's instruction No. 3 should not have been given. According to the evidence of the driver of the oil truck, nothing occurred to indicate that Miller would fall from the Ford truck until the oil truck was practically in the act of passing the rear of the Ford truck,

when Miller then fell immediately in front of the oil truck. If this is true, nothing the driver of the oil truck could then have done would have prevented the truck from striking Miller, and any previous negligence of the driver of the oil truck in approaching and crossing Eighth avenue could not be said to have contributed to Miller's death. A lookout by the driver of the oil truck prior to the time Miller fell into the street would have availed nothing because prior to that time there was nothing to see, and the speed of the automobile is immaterial because, had the automobile been going at a slower rate of speed, the accident nevertheless would have occurred. Any negligence on the part of the driver of the oil truck in failing to approach and cross B street with due care cannot be said to be a proximate cause of Miller's death if he fell from the Ford truck immediately in front of the oil truck without any previous indication that he would do so.

The second paragraph of the appellee's first instruction is erroneous.

The damages which the statute (chapter 229, Laws of 1922; section 515, Hemingway's Code 1927) permits to be here recovered are:

"Such damages as the jury may determine to be just, taking into consideration all damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit."

The value of a decedent's life expectancy is not an element of damages to the decedent. *Belzoni Hardwood Co.* v. *Cinquimani,* 137 Miss. 72, 102 So. 470; *Yazoo & M. V. R. Co.* v. *Barringer,* 138 Miss. 296, 103 So. 86; and *Yazoo & M. V. R. Co.* v. *Lee,* 148 Miss. 809, 114 So. 866.

Under the clause of the statute permitting recovery for "all damages of every kind to any and all parties interested in the suit," the appellees have the right to recover, not the value of Miller's life expectancy, but the present value of any pecuniary advantage which the

evidence might have disclosed they had a reasonable expectation of deriving from Miller, had he continued to live. No such expectation was here attempted to be shown.

*Reversed and remanded.*

