NATCHEZ COCA-COLA BOTTLING CO. *v.* WATSON.

(Division A. April 13, 1931.)

[133 So. 677. No. 29334.]

Kennedy & Geisenberger, of Natchez, for appellant.

Truly & Truly, of Fayette, for appellee.

Argued orally by **L. T. Kennedy**, for appellant, and by **Everett Truly**, for appellee.

**Cook, J.,** delivered the opinion of the court.

Hayes Watson, administrator of the estate of George Gibbs, deceased, filed this suit in the circuit court of Jefferson county, against the Natchez Coca-Cola Bottling Company, a domestic corporation domiciled in Adams county, Miss., seeking to recover damages for the death of the said George Gibbs, a colored boy seventeen years old, who was struck and killed on a public road in Jefferson county by a truck owned by the said bottling company, and being driven at the time by Alex Goza. There was no resident defendant in Jefferson county, and a summons was issued by the circuit clerk of Jefferson county to the sheriff of Adams county for service on the defendant bottling company, and it was served by the sheriff of Adams county on William Kendall, an officer of such company.

William Kendall, individually, and Kennedy and Geisenberger, attorneys, as amicus curiae, filed a suggestion that the circuit court of Jefferson county was without jurisdiction of the cause, for the reason that the defendant was a domestic corporation domiciled in Adams county, Miss., and had not appointed a state agent for the service of process, as provided by section 11, c. 90, Laws of 1928, section 4140, Code 1930, and that the process and service thereof were void because there was no authority in law for the clerk of the circuit court of Jef-

ferson county to issue process to Adams county in a case of this character. This suggestion, or motion, was overruled, and thereupon the defendant filed a similar suggestion, and, this being overruled, it filed a plea to the jurisdiction of the court, which was likewise overruled. Thereupon it filed a motion for a change of venue, which was overruled, and then it filed a plea of the general issue; and upon the trial of the cause there was a verdict and judgment for the sum of two thousand five hundred dollars, from which appeal was prosecuted.

The first assignments of error argued by counsel for appellant were based upon the action of the court in overruling the several motions and pleas challenging the jurisdiction of the court.

The injury to, and consequent death of, the said George Gibbs occurred in Jefferson county, and under and by virtue of section 495, Code 1930, providing that civil actions against domestic corporations, of which the circuit court has original jurisdiction, shall be commenced "in the county in which said corporation is domiciled, or in the county where the cause of action may occur or accrue except where otherwise provided," the circuit court of Jefferson county had jurisdiction of the subject-matter of the suit. Section 4140, Code 1930, first enacted as section 11, c. 90, Laws of 1928, requires that "every domestic corporation, whether heretofore or hereafter organized, shall maintain an office in the county of its domicile in this state, either in charge of an officer or officers of the corporation, or in charge of some person or corporation duly designated as resident agent for the service of process." This section further provides in the second paragraph thereof: "That every foreign corporation doing business in the state . . . whether it has been domesticated or simply authorized to do business within the state . . . shall . . . file a written power of attorney designating . . . an agent as above provided in this section, as its agent upon whom service of

process may be had in the event of any suit against said corporation.''

In construing this section, and particularly that part having reference to foreign corporations, in the case of Sandford v. Dixie Construction Company, 157 Miss. 626, 128 So. 887, 888, the court held that the provisions of this section '' in all substantial respects place domestic and foreign corporations, which comply with this section, upon the same and an equal level as regards the manner of service of process upon them and in the matter of the conclusive force thereof''; and that a foreign corporation which has, under this statute, designated a resident agent upon whom process may be served, may be sued upon a transitory cause of action in the county where the cause of action accrued, and effective service of summons upon such corporation may be had by service on the resident agent in the county where he resides. It is undoubtedly true that, by reason of the provisions of the venue statute, quoted above, a domestic corporation which has, under section 495, Code 1930, designated a resident agent for the service of process, may be sued either in the county of its domicile, where its designated agent, if any, resides, or ''in the county where the cause of action may occur or accrue.'' Counsel for appellant admit that this is true, but contend that section 4140, Code 1930, has no application to this appellant, and adds nothing to the effectiveness of the process served on a resident officer of the appellant, for the reason that the appellant has not come under this provision of the statute by appointing a ''resident agent for the service of process,'' and process was not served on any such resident agent.

The matter of whether a domestic corporation shall or shall not come under or within the provisions of this statute is not one of choice. The statute itself places all domestic corporations under the provisions thereof by requiring that every domestic corporation ''shall maintain an office in the county of its domicile in this

state, either in charge of an officer or officers of the corporation,'' or in charge of some particularly designated resident agent for the service of process. By this statute, a domestic corporation is required to maintain an officer in the county of its domicile. When this office is in charge of its own officers, it is not required to designate a resident agent for service of process upon it, but it cannot escape its statutory liability to suit on a transitory cause of action, where the cause of action accrued, by failing to designate such an agent. Foreign corporations are required to designate a resident agent, and, by service of process upon said agents, they are subject to suit on any transitory cause of action in any county of the state where such cause of action accrued. A domestic corporation is required to maintain an office in the county of its domicile, and place this office in charge of its own officers, or in charge of a designated agent, and, in either event it is subject to suit on a transitory cause of action in the county where such cause of action accrued, by service of process on the officer or agent in charge of its home office. Consequently, the court below committed no error in overruling the various motions and pleas challenging the jurisdiction of the court.

The second assignment of error argued by counsel for appellant is based upon the action of the court in granting the appellee an instruction to the effect that in assessing the damages, the jury might take into consideration the present value of the life expectancy of the deceased, if they believed from the evidence that his minor brothers and sisters sustained loss thereby. This instruction is susceptible of the construction, and the jury was warranted in concluding therefrom, that the brothers and sisters of the deceased were entitled to recover the full present value of his life expectancy, and the case of Gulf & S. I. R. Co. v. Boone, 120 Miss. 632, 82 So. 335, 338, undoubtedly so holds. Upon this point, however, the Boone Case has been first modified, and later necessarily

overruled by subsequent decisions. The Boone Case, supra, was based expressly on "the authority of Mississippi Oil Co. v. Smith, 95 Miss. 528, 48 So. 735, and Cumberland Telephone & Telegraph Co. v. Anderson, 89 Miss. 732, 41 So. 263," both of which cases proceeded upon the theory that, in addition to other damages, the parties interested in the suit could recover such sum as the deceased might have recovered as the present value of his life expectancy. These cases were criticized and modified in the case of New Deemer Manufacturing Co. v. Alexander, 122 Miss. 859, 85 So. 104, while in the case of Belzoni Hardwood Co. v. Cinquimani, 137 Miss. 72, 102 So. 470, it was, for the first time, held by the court in banc that the present net value of the life expectancy of the decedent is not recoverable as damages to the decedent. This view was reannounced by the court in banc in the case of Yazoo & Mississippi Valley Co. v. Barringer, 138 Miss. 296, 103 So. 86. In the case of Gulf Refining Co. v. Miller, 150 Miss. 68, 116 So. 295, it was held that the value of the decedent's life expectancy is not an element of damages to the decedent, and that, under the clause of the statute, section 510, Code 1930, permitting recovery for "all damages of every kind to any and all parties interested in the suit," the parties interested can recover, not the value of a decedent's life expectancy, but the present value of any pecuniary advantage which the evidence disclosed the parties interested had a reasonable expectation of deriving from the decedent, had he continued to live. In view of these later decisions, construing the statute fixing the damages that may be recovered by persons entitled by law to sue for the death of any person, it is clear that the instruction complained of is erroneous, and will require a reversal of the cause for the reassessment of damages.

The appellant next contends that a peremptory instruction requested by it should have been granted, for the reason that the proof shows that the driver of the car

which killed the decedent was an independent contractor, and that no relation of master and servant existed between the appellant and said driver at the time of the injury and death of the decedent.

The proof shows that the appellant was engaged in bottling Coca-Cola and selling the same in territory exclusively assigned to it; that the driver of the car which killed the deceased was employed to sell Coca-Cola on a certain designated and assigned route or territory on a commission of three cents per case; that this driver was also authorized to take up and return to the plant of appellant empty cases of bottles for which he received a commission or compensation of 1 cent per case; that the appellant furnished this salesman with a truck to be used in the sale of Coca-Cola over the route assigned him; that it owned the truck which was used and being driven on the occasion of the injury to the decedent, and it supplied all the oil and gas used in this truck. It was further shown that, when said driver or salesman took out a truck load of Coca-Cola, he was charged with it and was required to account for it by paying for all that was sold or otherwise disposed of, and returning the remainder, and that he was given credit for all the Coca-Cola that was returned.

The several important tests by which it may be determined when, in a given case, the relationship of master and servant exists, or when a party occupies the position of independent contractor, have been repeatedly stated by this court, and very recently these several tests have been summarized and stated with particularity in the case of Kisner v. Jackson (Miss.), 132 So. 90, and there is no good reason to here repeat these tests in the same or slightly varying language. Applying the tests as therein stated, and considering all the testimony as to the nature and character of this employment, and all the surrounding circumstances, we think the driver of this truck was a mere employee or salesman on a commission

basis, subject to the control of the master to an extent sufficient to establish the relation of master and servant.

The court refused an instruction requested by the appellee to the effect that, if the jury believed from the evidence that the defendant was violating certain named requirements of the statute in reference to passing pedestrians on a highway, and that the injury was caused by the operation of said truck, then the plaintiff was deemed to have made out a prima facie case. In this instruction the appellee sought to invoke the provision of section 5588, Code 1930, that, in an action to recover damages, either to person or property, caused by the running or operation of a motor vehicle on a highway in violation of any of the provisions of the Motor Vehicle Act, the plaintiff was deemed to have made out a prima facie case by showing the fact of such injury, and that the motor vehicle was, at the time of the injury, being run or operated in a manner contrary to the provisions of said act; and, on cross-appeal, he assigns as error the refusal of this instruction.

All the facts and crcumstances of the injury to the decedent were disclosed by the evidence offered by the respective parties, and, this being true, the liability vel non of the appellant must be determined from such facts and circumstances, and, consequently, the instruction on the statutory presumption was properly refused. New Orleans & Great Northern Railroad Co. v. G. W. Walden (Miss.), 133 So. 241, decided March 23, 1931.

The judgment of the court below will be affirmed as to liability, but, for the error indicated in the instruction authorizing recovery of the value of the life expectancy of the decedent, it will be reversed as to the amount of damages awarded, and the cause will be remanded for the assessment of damages only.

Affirmed in part, and reversed in part.