OLIVARI *v.* CLARK *et al.*

(Division A. May 25, 1936.)

[168 So. 465. No. 32155.]

R. A. Wallace, of Gulfport, for appellant.

Mize, Thompson & Mize, of Gulfport for appellees.

**Cook, J.,** delivered the opinion of the court.

On February 19, 1934, Vincent J. Olivari, a resident citizen of Harrison county, Miss., died intestate, and on February 23, 1934, Ben O'Keefe was appointed and qualified as administrator of the deceased's estate. On February 26, 1934, V. J. Olivari, Jr., filed a petition in said cause alleging that petitioner was the only child and sole heir at law of the deceased, Vincent J. Olivari; that petitioner was and is the only issue of the legal marriage of his father and mother, Mrs. Eva Elizabeth Lyons Olivari; that long before the petitioner was born his father and mother were husband and wife and so remained until the death of his mother in the year 1912; that at the time of the conception and birth of petitioner his said father and mother were legally married and at all times maintained the relation of husband and wife; and that petitioner was the only child of said marriage.

On April 13, 1934, the appellant filed a supplemental petition setting forth more in detail the names and addresses of certain nephews and nieces of said Vincent J. Olivari, deceased, who were made parties defendant as claimants of the estate of the deceased, and alleging that ''prior to year 1903 his said father, Vincent John Olivari, and petitioner's mother, Mrs. Eva Elizabeth Lyons Olivari, entered into a marriage contract in the city of Biloxi, in said county, and immediately thereafter assumed the relation of husband and wife and continued to live together and cohabit as husband and wife from that time until the death of petitioner's mother in the year 1912; that there was no legal impediment existing to prevent the legality of said marriage and said parties at all times maintained the relation of husband and wife from the date of their said marriage until the death of petitioner's mother aforesaid; there was no ceremonial marriage joining petitioner's father and mother as husband and wife, but the contract of marriage entered into between them was in all respects legal and lawful as a common-law marriage under the laws of the State of Mississippi; your petitioner was born of said marriage union and is the only child of said marriage union, and is the only heir at law of his said father, Vincent John Olivari, decd., and as such is entitled to all of the estate, both real and personal, belonging to his said deceased father at the time of his death.''

Both the original and supplemental petitions were sworn to by the appellant, and prayed that petitioner be recognized and decreed to be the sole heir at law of Vincent J. Olivari, deceased, and that the administrator be directed to deliver to the petitioner the entire estate of the deceased. The several defendants answered the petitions, and, after a full hearing upon lengthy testimony offered by the respective parties, the court entered a decree dismissing the petitions, and from this decree this appeal is prosecuted.

After the conclusion of all the evidence, and during the progress of the arguments of the cause, the appellant filed a motion for leave to amend his supplemental petition by striking the words "prior to year 1903, his said father, Vincent John Olivari, and petitioner's mother, Mrs. Eva Elizabeth Lyons Olivari, entered into a marriage contract in the city of Biloxi in said county," and the words "there was no ceremonial marriage joining petitioner's father and mother as husband and wife, but," and the words, "as a common-law marriage under the laws of the State of Mississippi," and to insert in lieu thereof the words, "in the year 1903 the petitioner's father, Vincent John Olivari, and his mother, Mrs. Eva Elizabeth Lyons Olivari, were married in the State of Alabama."

The court entered a decree overruling this motion, which decree recited on its face that the motion was made after all the testimony and the opening argument for the petitioner had been concluded, and while the argument of counsel for the respondents was in progress, and that it was not called to the attention of the court until after the conclusion of the closing argument for the respondents. The decree further recited that: "The court called on counsel for the petitioner to state in his proposed amendments in what state he desired to aver that the alleged common-law marriage took place, and counsel for the petitioner thereupon stated he could not state in what state the alleged common-law marriage took place and did not think it was necessary for him to state or allege in which state the alleged common-law marriage took place. Counsel for respondents objected to the filing of such a petition on the ground that it came too late and on the further ground that such an amendment would render the petition so vague and indefinite as to be demurrable, and the court thereupon declined to permit the amendment and announced that the court was of the opinion that a common-law marriage between 1892 and 1906 was invalid, and the Su-

preme Court of Mississippi would follow the decision of the Louisiana Supreme Court in the case of Succession of Marinoni, 177 La. 592, 148 So. 888, and was proceeding to discuss the facts in this case when counsel for petitioner stated he desired to amend his petition so as to strike therefrom that the alleged marriage occurred in Biloxi, Mississippi, and aver it occurred in Mobile, Alabama in 1903, to which proposed amendment respondent objected on the ground it came too late and there was no testimony showing such facts, and that it was not an amendment to conform to the proof and the court having further fully considered same is of the opinion that the motion to so amend should be overruled.''

The appellant assigns as error the refusal of the court to permit the proposed amendment stated above. Aside from the fact that the amendment was not proposed until after the conclusion of the lengthy testimony and the arguments thereon, and after the court had announced or indicated its decision of the cause, the proposal was not one to amend the petition to conform to the proof offered by the petitioner. The proof offered by the appellant tended to support the original averments of the supplemental petition in reference to a common-law marriage between the father and mother of the petitioner, and the proposed amendments contradicted this proof, and made a wholly different case after the cause had in fact been concluded, and the court committed no error in declining to permit the amendments.

The controlling and decisive question presented by this appeal is whether or not, from the date of the adoption of the Code of 1892 until the adoption of the Code of 1906, common-law marriages contracted in the state of Mississippi were valid.

By the Constitution of 1869, art. 12, sec. 22 thereof, common-law marriages were expressly recognized and validated, but in the Constitution of 1890, this provision was omitted, and when the Annotated Code of 1892

was adopted, section 2864 thereof declared that "a marriage shall not be contracted or solemnized unless a license therefor shall first have been duly issued, and such license shall be essential to the validity of a marriage." Section 2864, Annotated Code of 1892, continued in force without amendment until the adoption of the Code of 1906, when the section was amended and brought forward in the Code of 1906, as section 3249 thereof, by adding to the section, as it appeared in the Annotated Code of 1892, the following language: "But no irregularity in the issuance of or omission in the license shall invalidate any marriage, nor shall this section be construed so as to invalidate any marriage that is good at common law."

This court has not heretofore expressly decided that by section 2864, Annotated Code of 1892, the contracting of common-law marriages was forbidden, but, in several cases, the court has apparently assumed that such marriages contracted after the adoption of the Code of 1892, and prior to the adoption of the Code of 1906, were invalid. In Blanks v. Southern Railway Company, 82 Miss. 703, 35 So. 570, decided in 1904, in discussing appellant's claim that she was the widow of Daniel Blanks, the court said: "Her only pretense of wifehood in her relations with Daniel is based on her claim that there was a valid common-law marriage between them before the Code of 1892, requiring formal celebration, took effect."

In Howard v. Kelly, 111 Miss. 285, 71 So. 391, 392, Ann. Cas. 1918E, 1230, decided in 1916, in discussing the presumption of validity which attaches to both ceremonial and common-law marriages, the court used this language: "It cannot be doubted, however, prior to the adoption of the Code of 1892, that a common-law marriage was recognized as lawful and binding as one contracted in pursuance of a license and the usual ceremony."

In Sims v. Sims, 122 Miss. 745, 85 So. 73, wherein it was held that section 3249, Code of 1906, amending section 2864, Annotated Code of 1892, expressly recognized the validity of common-law marriages, the prevailing opinion written by Chief Justice Smith, and concurred in by Justices Stevens and Cook, apparently proceeded throughout upon the theory that section 2864, Ann. Code 1892, prohibited common-law marriages, while the dissenting opinion therein written by Justice Ethridge, and concurred in by Justices Sykes and Holden, vigorously asserted the view that after the adoption of the Annotated Code of 1892, common-law marriages contracted in this state were void, and that the amendment of this section by the Code of 1906 was not intended to, and did not, change the status of such alleged marriages.

In support of the view that section 2864, Ann. Code 1892, did not prohibit common-law marriages, the appellant relies principally upon the case of Meister v. Moore, 96 U. S. 76, 24 L. Ed. 826, and cases in line therewith, which announce the rule that, in the absence of a statute expressly declaring that marriages not contracted or celebrated in the manner therein prescribed shall be void, marriages regularly contracted according to the common law are valid. But section 2864, Ann. Code 1892, expressly declared that a marriage should not be contracted or solemnized unless a license therefor should have first been issued, and that such license "shall be essential to the validity of a marriage," which is the same as an express declaration that any marriage not contracted or solemnized under the authority of a license was void. A common-law marriage, as recognized in this state, may be contracted by agreement between a man and woman that they shall become husband and wife followed by cohabitation, but section 2864, Ann. Code 1892, prohibited the contracting of any marriage, ceremonial or common-law, unless preceded by the issuance of a license therefor; and expressly declared that

"such license shall be essential to the validity of a marriage," or, in other words, that any marriage contracted or solemnized without a license therefor shall be void. We do not think the language of the statute will admit of any other construction, and consequently any attempted common-law marriage between the father and mother of the appellant, between 1892 and 1906, was necessarily void.

In a very able and exhaustive opinion by Chief Justice O'Niell in the case of the Succession of Marinoni, 177 La. 592, 148 So. 888, the Supreme Court of Louisiana so construed section 2864, Mississippi Annotated Code of 1892, and reference is made to that opinion for an extensive analysis and citation of authorities from other jurisdictions construing statutes of similar import.

The decree of the court below will be affirmed.

Affirmed.