## HADAD *v.* LOCKEBY.

(Division B.   Sept. 28, 1936.)

[169 So. 691.   No. 32304.]

**Dent & Robinson,** of Vicksburg, for appellant.

Brunini & Hirsch, of Vicksburg, for appellant.

**Chaney & Culkin** and **R. M. Kelly,** all of Vicksburg, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Appellee sued appellant for damages, in the sum of ten thousand dollars, resulting from appellee being struck by an automobile driven by appellant on highway 61 north of Vicksburg, just a few feet within the city limits, resulting in a verdict and judgment for two thousand two hundred fifty dollars, from which this appeal is prosecuted.

Like most personal injury cases, the testimony is conflicting. The appellee claimed he was sick and, through a negro, had ordered a taxicab to carry him to his son's home who lived near the scene of the accident; that he and the negro, who was assisting him, started to cross the road, and, according to some of the evidence, the appellant came south, driving an automobile at the high rate of thirty-five to forty miles per hour, without sounding his horn or giving any warning of his approach, and struck appellee and the negro, knocking them some feet distant. The appellee was bruised on the right-hand side, and his shoulder was injured from being thrown against the pavement, causing a knot to form, which required some time and considerable treatment to be healed. Several witnesses testified that they heard no horn blow, nor any alarm given to warn people of the car's approach, and other witnesses testified that almost simultaneously with the throwing of the brakes on the automobile the appellee was struck. The appellant admitted he was driving at the rate of thirty-five to forty miles per hour, and that he saw the appellee and the negro crossing the road, but contended that he sounded his horn and thought they would get out of the way, and that he first swerved to the left and then to the right, seeking to avoid striking them, that the front part of his car did not strike appellee, that he thought they were drunk, and that he smelt liquor on them at the time of the injury. With the appellant in the car were his wife

and his brother-in-law and his wife, and he and his brother-in-law were on the front seat, and the two wives were on the rear seat. Each of these three testified that Hadad sounded his horn and slackened his speed. The proof shows that the place where the injury occurred was a thickly settled community, one side of the highway being in the municipality and the other side being near the river.

The appellee, Lockeby, testified that before going onto the highway he looked toward the north, from which direction Hadad approached, and did not see the car, and then looked toward the south, that he was sick and was being assisted across the road by the negro, and that he did not see or hear the approach of the car, or any horn or other alarm. He testified that he was not drunk, and had not seen any one drinking at that time. The appellee's version of the accident is corroborated by several witnesses, who did not agree as to the rate of speed of the automobile. However, some of them testified that the car was going from thirty-five to forty miles per hour, and that the law required a speed limit of twenty miles per hour at that point, and the appellant, Hadad, admits that he was driving in excess of this speed limit.

At the time of the injury, the appellee was engaged in levee work, and had been regularly employed during the fishing season at Eagle Lake at the rate of twenty dollars per week, and that after the injury he was unable to work, and all he could do was just to sit around Eagle Lake in the hotel, and occasionally give some directions to people.

Dr. Podesta, the physician who treated Lockeby, testified as to his injuries, and both he and Lockeby stated that several of Lockeby's teeth were knocked out, and one, which had supported some bridgework, was broken off, which resulted in the loss of several teeth. Dr.

Podesta corroborated Lockeby's statement as to the extent of his injuries and the method of treatment.

The appellant complains of the following instruction given in behalf of the appellee: "The court instructs the jury for the plaintiff that it is a violation of the laws of this state for any one to drive or operate a motor vehicle along any public highway at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highway, or so as to endanger the life or limb of any person; that the driver of a motor vehicle does not have the right to clear an unobstructed highway, but must anticipate the presence of other persons and vehicles thereon, and he must, at all times, drive his motor vehicle at such a rate of speed as to enable him to avoid injury to such persons, when they come, or, by the exercise of ordinary care, would come within his vision or under his observation."

We think this instruction is justified by section 5569, Code 1930, reading as follows: "No person shall operate a motor vehicle on a public highway, or street, avenue or alley of any city, town or village in this state at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highway; or so as to endanger the life or limb of any person or the safety of any property; or in any event on any public highway where the territory contiguous thereto is closely built up, at a greater rate of speed than twenty miles per hour, or elsewhere in any municipality at a greater rate of speed than twenty miles per hour, or elsewhere outside of any municipality at a greater rate of speed than forty miles per hour, but trucks shall not in any event operate at a greater rate of speed than thirty miles per hour. Provided, that the governing authorities in municipalities, may prescribe the traffic rules within the corporate limits of the municipality and regulate the speed and fix the speed limit at which motor vehicles may be operated within the corporate limits,

or any part thereof, by an ordinance setting out the traffic rules and declaring what rate of speed shall be reasonable and proper, but the speed limit so fixed within the municipality shall not be greater than thirty nor less than ten miles per hour, provided that all municipalities shall place signs, at points where the main highways enter, showing the speed limit fixed for the municipality.''

By the common law, when a person owes another a duty, and breaches that duty, and, without fault of the injured party, an injury results from such breach, a right of action accrues, which is recognized by section 5588, Code 1930, and by our contributory negligence statute, which provides that such negligence does not bar the right of action, but only fixes damages proportionately in accordance with the negligence of the injured party. In Snyder v. Campbell, 145 Miss. 287, 110 So. 678, 49 A. L. R. 1402, it was held that a party violating the speed limit and striking a pedestrian was liable for the injury, but that the recovery should be reduced in the proportion that the plaintiff's negligence bore to the defendant's negligence. See, also, Lucedale Automobile Co. v. Daughdrill, 154 Miss. 707, 123 So. 871; Flynt v. Fondren, 122 Miss. 248, 84 So. 188; Terry v. Smylie, 161 Miss. 31, 133 So. 662; and Teche Lines, Inc., v. Bateman, 162 Miss. 404, 139 So. 159.

The court below instructed the jury that the appellee was guilty of contributory negligence.

From the above-quoted authorities, we think it is clear that appellant was liable for the injury inflicted.

It is complained that the evidence in the case is insufficient to warrant the jury in returning the verdict for punitive damages.

From the statement of the case, it will be seen that there was testimony to the effect that the appellant was driving his car upon the highway at an excessive rate of speed; that he saw Lockeby and the negro crossing

the road and did not slacken his speed, or sound his horn, or give any alarm until he struck them.. This, if true, was gross negligence on the part of the appellant. ''Punitive damages may be recovered, not only for a willful and intentional wrong, but for such gross and reckless negligence as is equivalent to such a wrong, since an act done in spirit of wantonness and recklessness is oftentimes just as harmful as if prompted by malice.'' Neal v. Newburger Co., 154 Miss. 691, 123 So. 861. See, also, Wilson v. New Orleans & N. E. R. Co., 63 Miss. 352; Burns v. Alabama & V. R. Co., 93 Miss. 816, 47 So. 640; Ellis v. S. Pellegrini, Inc., 163 Miss. 385, 141 So. 273; and Barrett v. McFerren, 231 Ala. 382, 165 So. 226.

In view of the numerous decisions involving personal injuries by the operation of automobiles at a high rate of speed and without exercising caution, we think it imperative to hold operators of automobiles to prudence and care in the operation of their machines. With modern, high-powered machines running over improved highways, often the rate of speed is not noticed by persons riding in the cars. These machines upon the highways are extremely dangerous to others using the highways, and it is highly desirable that all understand that they will be liable and responsible for injuries resulting from their negligence. The lives and limbs of persons should be safeguarded, and something should be done to reduce accidents to a minimum.

We find no reversible error in this case and the judgment is affirmed.

Affirmed.