Bush, et al. *v.* Watkins, et al.

No. 39602 May 9, 1955 80 So. 2d 19

*Welch & Gibbes,* Laurel, for appellants.

*Quitman Ross,* Laurel; *George D. Maxey,* Ellisville, for appellees.

ROBERDS, P. J.

This is a suit for money damage for the death of Billie E. Watkins, twenty years of age, resulting from an automobile collision. The action was brought by W. B. Watkins for himself and Mrs. Carrie Lee and Jackie Ann Watkins, the father and mother and thirteen-year-old sister of decedent. The defendants were A. A. Bush and D. D. Bush, doing business as A. A. Bush Contractor, and their servant Hubert W. Long, and

Campbell Sixty Six Express, Inc., and Grady Jacobs, its servant. The trial court gave a peremptory instruction for Campbell Sixty Six Express, Inc. and Jacobs, from which there was no appeal. These two defendants are not before us.

The jury returned a verdict against Bush for $43,-117.50 actual and $10,000 punitive damages, from which verdict, and judgment pursuant thereto, this appeal was prosecuted.

Bush, the appellant, says the facts do not justify punitive damages. The accident occurred about 6:15 in the morning of April 27, 1953, on Highway 11, some two miles north of Sandersville, Mississippi. Two large vans, or freight trucks, of Sixty Six Express, Inc. were traveling south on that highway. These trucks were 150 to 200 yards apart. Jacobs, the driver of one of the Express trucks, when asked about their tonnage, testi-fied "Well, we are allowed 52565 in Mississippi, but I did not have the capacity load." An International truck, driven by Long, servant for Bush, was also trav-eling south behind the two Express trucks. Long pulled to his left, into the north line of traffic and passed the Express truck which was immediately in front of him. He then pulled back into the west lane of traffic. That put him between the two Express trucks. After thus traveling a short distance Long decided he would pass the other Express truck. The road here curved to the right, or to the west. According to the oral proof and the pictures before us, Long, driving behind the Express truck, could not see an automobile approaching from the south, going north, in the east lane of travel. Long said that himself. Nevertheless he pulled into the east lane and proceeded to try to pass the Express truck. That truck was running some forty-five miles per hour. Long speeded up in his effort to pass the truck. At that time a Chevrolet small truck, being driven by one Valentine, in which Billie Watkins was also riding, both parties being on the front seat, was proceeding north in the

east lane of travel. Long says he applied his brakes in an effort to get back behind the Express truck and out of the east lane of travel. However, he was unable to do that and the International truck and the Chevrolet truck collided head-on. The accident happened entirely in the east lane of travel. Billie Watkins was fatally injured as a result of the collision. Long paid a fine for reckless driving.

 █ No two cases are alike on their facts. We have to test the question under consideration by the applicable principles which have been announced. In Neal v. Newburger Co., 154 Miss. 691, 123 So. 861, this Court said: "Punitive damages may be recovered, not only for a wrongful or intentional wrong, but for such gross and reckless negligence as is equivalent to such a wrong, since an act done in the spirit of wantonness and recklessness is oftentimes just as harmful as if prompted by malice." See, as announcing the same rule, Teche Lines v. Pope, 175 Miss. 893, 166 So. 539; Hadad v. Lockeby, 176 Miss. 660, 169 So. 691; Planters Wholesale Grocery v. Kincade, 210 Miss. 712, 50 So. 2d 578; Southland Broadcasting Company v. Tracy, 210 Miss. 836, 50 So. 2d 572; Belk, et al. v. Rosamond, et al., 213 Miss. 633, 57 So. 2d 461.

The general rule is stated in 15 Am. Jur., Sec. 281, Damages, in these words: "If, however, the injury complained of is the result of defendant's gross negligence, or his recklessness, most authorities permit the recovery of exemplary damages."

 █ We are of the opinion that whether the negligence under the facts of this case was gross or reckless was a question for the jury.

The trial court instructed the jurors, at the request of the plaintiffs, that in fixing the amount of the damage, if a verdict should be returned for plaintiffs, they might take into consideration (1) loss of companionship of Billie Watkins; (2) medical expenses incurred by plaintiffs; (3) amount paid for ambulance in transport-

ing Billie to the hospital; and (4) "The present net cash value of the life of the deceased, Billie E. Watkins, at the time of his death."

Bush strongly urges on this appeal that the quoted phrase does not announce a correct element of damage. He says this Court has not permitted a recovery according to that rule — at least, that no recovery should be allowed beyond the majority of decedent and beyond the life expectancy of the plaintiffs. █ Sec. 1453, Miss. Code 1942, under which this suit was brought, provides that "In such action the party or parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit." The quoted rule was approved, in effect, in Cumberland Telephone & Telegraph Company v. Anderson, 89 Miss. 732, 41 So. 263, and, at least, received tacit approval in Mississippi Cotton Oil Company v. Smith, 95 Miss. 528, 48 So. 735; Gulf & Ship Island Railroad Company v. Boone, 120 Miss. 632, 82 So. 335; and New Deemer Mfg. Company v. Alexander, 122 Miss. 859, 85 So. 104.

However, it appears to have been disapproved in Belzoni Hardwood Company v. Cinquimani, 137 Miss. 72, 102 So. 470; Y & M V Railroad Company v. Barringer, 138 Miss. 296, 103 So. 86, and Gulf Refining Company v. Miller, 150 Miss. 68, 116 So. 295.

 But in Gordon v. Lee, 208 Miss. 21, 43 So. 2d 665, and Southern Pine Electric Power Association v. Denson, 214 Miss. 397, 57 So. 2d 859, the Court again approved the rule. Eight of the Judges, sitting en banc, are of the opinion that the last two cases have settled the question. What has been written as to this element of damage has been said as the organ of the Court. However, the writer desires to say that he thinks the rule is both illogical and unjust — illogical, because we know, as a matter of common knowledge, that had the victim lived, his parents, after his majority, would not

have received his net earnings for his life expectancy —
in this case forty-two years; unjust, because this permits in the ordinary course of things, recovery by the parents long after they have passed from life's stage of action. In this case the father was fifty years of age and the mother was forty-two. And if recovery is to be had by plaintiffs for the earnings for the life expectancy of decedent, then it surely should be limited to such a part of the life earnings as the parents might reasonably expect to receive, under the proof, of such life expectancy.

Bush says the amount of the recovery is excessive. As stated, decedent was twenty years of age; he had just graduated at Soso, Mississippi High School; he had worked for different people, mainly his neighbors, in and about farming operations, and as a carpenter, at a pay rate ranging from one dollar an hour to two dollars an hour, and when he was killed he was on his way to accept a job at $1.70 an hour. He was about average ability and skill for his age.

■■■ Of course, the amount of the verdict is usually for the jury. ■■■ Our test is whether the verdict is so excessive as to be the result of bias, prejudice or passion on the part of the jury. In Peerless Supply Co., Inc. v. Jeter, 218 Miss. 61, 65 So. 2d 240, this Court said: "Dealing with the amount of verdicts is one of the most troublesome questions with which the courts have to deal. There is no exact yardstick, or measurement, by which to test the question. Each case must depend upon its own facts. The test is not what amount the members of the court would have awarded had they been upon the jury, or what they, as an appellate court, think should have been awarded, but whether the verdict is so excessive as to indicate that the jury was animated by passion, prejudice or corruption." ■■■ In view of the age of the decedent, his life expectancy and the elements of damage the jury was permitted to consider,

we cannot say the amount awarded was the result of passion, prejudice or corruption.

Affirmed.

All justices concur except as to the personal views of the writer of the opinion.

HALL, J., Specially Concurring.

I concur in the result reached in this case but not in all that is said in the controlling opinion.

Judge Roberds says that it is illogical and unjust to permit a recovery by the parents for the net cash value of the life of the deceased. Section 1453, Code of 1942, specifically provides that the jury in a death action may take into consideration "all the damages of every kind and character to the decedent and all damages of every kind to all parties interested in the suit." The plaintiffs are entitled to the damages which they have sustained which includes such items as loss of companionship, loss of contributions which they may reasonably expect to have received from the decedent, and medical, hospital and burial expenses. Then, in addition, but without pyramiding the damages so as to obtain a double recovery, they are entitled to recover all damages of every kind to the decedent. The statute specifically fixes this, and it includes such items as pain and suffering of the decedent, and we have held in at least four cases that the present net cash value of the life of the deceased is one of the elements of damage to the decedent. The defendant has damaged the decedent to this extent and it is no more illogical and unjust to allow the parents recovery of this item than it is to allow them to inherit any other estate that the deceased may have left.

*Lee, Kyle, Holmes, Arrington, Ethridge* and *Gillespie, JJ.,* concur.